ENGEL et al. v. SHUBERT THEATRICAL CO.   (No. 6819.)

(Supreme Court, Appellate Division, First Department.   February 5, 1915.)

1. PLEADING (§ 216*)—DEMURRER TO ANSWER—SCOPE OF INQUIRY.

    Where, in an action on a contract in the German language executed by plaintiffs' agent, the copy of the contract in such language attached to the complaint did not purport to bear any seal, and did not refer in the text to a seal, though the English translation, also attached to the contract, did contain the word "Seal" opposite the agent's signature, on demurrer to an affirmative defense raising a different question, it was not open to defendant to argue that the original contract was a sealed instrument, and that plaintiffs therefore might not sue thereon.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 535–539; Dec. Dig. § 216.*]

2. COURTS (§ 23*)—JURISDICTION—CONSENT.

    A provision in a contract granting an exclusive right to produce a play, for which royalties were to be paid, that in case of dispute both parties agreed to submit to the jurisdiction of the courts of a foreign city, if valid and enforceable, did not prevent an action in the courts of this state for damages from false representations, whereby plaintiffs were induced to surrender their rights to such royalties, as the provision referred only to disputes arising upon or out of the contract.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 75, 75½, 81; Dec. Dig. § 23.*]

3. COURTS (§ 23*)—JURISDICTION—CONSENT.

    A provision in a contract that in case of dispute the parties agreed to submit to the jurisdiction of the courts of a foreign city did not prevent an action in the courts of this state, as there was nothing exclusive in the language used, and such contracts, if valid, should be strictly construed, and not extended by implication.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 75, 75½, 81; Dec. Dig. § 23.*]

Appeal from Special Term, New York County.

Action by Alexander Engel and another against the Shubert Theatrical Company. From an order sustaining a demurrer to an affirmative defense in the answer, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Walter H. Pollak, of New York City, for appellant.
Melville H. Cane, of New York City, for respondents.

HOTCHKISS, J.   [1] The complaint alleges, and the answer expressly admits, that the plaintiffs and the defendant entered into a contract in the German language, a copy of which, in that language, is attached to the complaint.   What the complaint alleges to be "an English translation" of that contract is also attached to the complaint.   Although the correctness of this translation is not admitted by the answer, its correctness as a translation is not disputed on this appeal, and was not, so far as the record discloses, disputed below.   The German copy does not purport to bear any seal, nor in its text is any reference made to a seal.   In the "translation," opposite the signature of "Dr. O. F. Eirich," who in fact, as the document recites, acted in plaintiffs' behalf

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as agent, appears the word "Seal." In this state of the record, we do not think it is open to defendant to argue that the original contract is, as to plaintiffs, a sealed instrument, and that hence plaintiffs may not sue thereon, or claim any benefit arising therefrom. We treat the contract as unsealed.

[2, 3] By the contract, plaintiffs sold to defendant certain exclusive rights to produce a play called "The Blue Mouse," for which defendant was to pay royalties. Thereafter, by means of representations which are alleged to have been fraudulent defendant is alleged to have induced plaintiffs, for an inconsiderable sum, to release to defendant their rights to all such royalties, and this action is to recover the damages suffered by plaintiffs because of the alleged fraud. Among the provisions of the contract is the following:

"In case of dispute, both contracting parties agree to submit to the jurisdiction of the Vienna courts."

The counsel for the appellant in a very interesting and instructive brief urges us to hold that this clause of the contract, not only applies to the present action, but that it is valid and enforceable, and that because of it his client is immune from pursuit, with respect of any matter connected with the contract, in any jurisdiction save that of the city of Vienna in the kingdom of Austria. It is not necessary for us to pass upon the question whether an agreement to submit to the jurisdiction of the Viennese courts exclusively would or would not, under the circumstances, be enforceable in this state. For two reasons we think this record does not present the question:

First. We construe the words "in case of dispute" to refer to disputes arising upon or out of the contract. This action does not so arise. As before stated, it is an action for damages for the fraud alleged to have been committed upon the plaintiffs in inducing them to release their rights under the contract. The relation the contract holds to the action is to afford evidence of the rights of the parties and to measure the damages plaintiffs may have suffered. The foundation of the action is the alleged fraud. Rich v. N. Y. C. & H. R. R. Co., 87 N. Y. 382.

Second. By the clause in question the parties do not agree to submit their disputes to the jurisdiction of the Viennese courts, and to those courts only. There is nothing exclusive in the language used. They *do* agree to submit to the Viennese jurisdiction, but they say not a word in restriction of the jurisdiction of courts elsewhere; and whatever may be said on the subject of the legality of contracts to submit controversies to courts of certain jurisdictions exclusively, it is entirely plain that such agreements should be strictly construed, and should not be extended by implication.

For these reasons, the order appealed from should be affirmed, with $10 costs and disbursements. All concur.