Edward H. Sudbury, 'Appellant, *v.* Ambi Verwaltung Kom-
manditgesselschaft auf Aktien and Another, Respondents.

First Department, May 29, 1925.

Jurisdiction — ouster by agreement — action by resident on contract
made in Germany between German corporation and German individual
and resident of this State — stipulation in contract that German courts
alone should have jurisdiction is void as against public policy — error
to dismiss complaint on ground of lack of jurisdiction.

Any agreement by which the parties to a contract, one of whom is a resident of
this State and the other a resident of a foreign country, undertake to oust the
courts of this State of jurisdiction over controversies between the parties there-
after arising out of the contract, and to confer exclusive jurisdiction upon foreign
courts, is against public policy, null and void.

It was error, therefore, for the court to dismiss the complaint in this action which
was brought by a resident of this State against a German corporation and an
individual, a subject and resident of Germany, on a contract executed in
Germany, on the ground that the court did not have jurisdiction of the action
under the terms of the contract, which stipulated that any controversies arising
under the contract would be determined exclusively by the German courts.

Appeal by the plaintiff, Edward H. Sudbury, from an order of
the Supreme Court, made at the New York Special Term and entered
in the office of the clerk of the county of New York on the 22d day
of December, 1924, granting defendant's motion, made under rule
107 of the Rules of Civil Practice, to dismiss the complaint on the
ground that the court has not jurisdiction of the subject-matter
of the action, and also vacating a warrant of attachment.

*Holmes, Rogers & Carpenter* [*Charles P. Rogers* of counsel], for the
appellant.

*Parker, Marshall & Auchincloss* [*J. Donald Duncan* of counsel],
for the respondents.

Dowling, J.:

The plaintiff, a citizen of the United States and resident of New
York city, brought this action against the defendants, a German
corporation and an individual, a subject and resident of Germany,
to recover $10,825 for a breach of contract. The defendants,
served in this jurisdiction, have appeared generally in the action by
attorneys. The contract was made in Germany, in the German
language, covering the sale of certain controlling shares of stock
in a German corporation and provided for the payment on account
of the above amount at a fixed date. The action was brought for
an anticipatory breach of the terms of the contract, providing for
this installment payment. The defendants are endeavoring to sue

plaintiff in the German courts for a revocation of the contract sued on.

The contract contained the following clause: " Place of Jurisdiction:  In case disputes should arise out of this contract, only German law should apply.  For the decision of such disputes, exclusive jurisdiction is vested in German courts, namely the Superior Court (Landgericht I)."

The defendants moved " for an order dismissing the complaint on the ground that the court has not jurisdiction of the subject of the action, and for such other, further and different relief as the court may deem proper."

From the order granting such motion the present appeal is taken. That order recites that the motion was made under rule 107 of the Rules of Civil Practice, " on the ground that this court has no jurisdiction of the subject-matter of this action."

The sole question presented on this appeal is whether the provision of the contract above deprives the Supreme Court of New York State of jurisdiction of the subject of the action.  The plaintiff, a resident citizen, seeks the aid of the court against citizens of Germany, who have submitted personally to the jurisdiction of the court.

The general principles governing transitory actions on contract or tort, and holding that where a resident citizen sues a foreign corporation which has appeared generally the court will not decline jurisdiction, are thus stated by Judge Crane in *Gregonis* v. *Philadelphia & Reading Coal & Iron Co.* (235 N. Y. 152, 158, 159): "A distinction has always been maintained, however, by the statutes between a resident and a non-resident plaintiff.  A thorough search of the authorities from the enactment of the Revised Statutes down to the present day has failed to disclose a single instance wherein the courts of this State have refused to entertain jurisdiction over a foreign corporation in behalf of a *resident* for a cause of action arising out of the State.  I do not refer to cases where the courts had not jurisdiction of the subject-matter of the litigation; I am speaking here of those transitory causes of action such as contract and tort cases, where the courts had jurisdiction of both parties.  Never has the Supreme Court refused jurisdiction in such instances to a resident of the State.  On the contrary, it has always assumed jurisdiction of such actions.  (*Tullock* v. *D., L. & W. R. R. Co.*, 147 App. Div. 524; affd., 205 N. Y. 576; *Kleps* v. *Bristol Mfg. Co.*, 107 App. Div. 488; affd., 189 N. Y. 516; *Bump* v. *N. Y. & H. R. R. Co.*, 38 App. Div. 60; affd., 165 N. Y. 636.)

" The courts of this State were primarily for the residents of this State.  There must be some forceful and controlling reason enter-

ing into the very nature and essence of the action which would close their doors to its own citizens. If we should hold that the Supreme Court had discretion to refuse to hear a case brought by a resident upon a cause of action in tort against a foreign corporation arising in another State, why should it not have like discretion regarding an action upon contract made and executed in another State? Such a result would be unworkable as well as unreasonable. In fact, it has been held that the power to refuse to entertain jurisdiction of a tort action brought by a *non-resident* did not extend to actions on contract brought by a non-resident. (*Wertheim* v. *Clergue,* 53 App. Div. 122, pp. 125, 126; *Furbush* v. *Nye,* 17 App. Div. 325.)

"A selection between resident plaintiffs — opening the courts to one and closing them to the other — would probably run counter to the constitutional provisions of section 1 of the Fourteenth Amendment of the Constitution of the United States, which reads: ' Nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws; ' and section 1 of article I of the Constitution of the State of New York, which provides: ' No member of this State shall be disfranchised, or deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land, or the judgment of his peers.' "

And the opinion concluded (at p. 161): " We are, therefore, of the opinion that, assuming as we must, this plaintiff to be a *bona fide* resident of the State of New York, the Supreme Court could not refuse to hear his case and had no right to dismiss it."

As the courts of this State would ordinarily be open to plaintiff for a suit upon the cause of action on contract set forth in his complaint, was he barred from so suing because of the clause in the contract sued on conferring sole jurisdiction upon the courts of Germany to decide disputes arising out of the contract?

The Federal rule is well settled that contracts by which parties attempt to confer exclusive jurisdiction upon a particular court, foreign or domestic, are contrary to public policy and void.

In *Gough* v. *Hamburg Amerikanische Packetfahrt Aktiengesellschaft* (158 Fed. 174) the provision in the contract which was under consideration was " all disputes regarding this bill of lading are to be settled according to the law of the Empire of Germany and decided before the Hamburg law court." The court said (p. 175): "Apart from the terms of the bill of lading, no reason has been advanced for a refusal by the court to proceed with the matter and that it will entertain jurisdiction in such a case has been settled by abundant authority." (Citing cases.)

In *Mutual Reserve Fund Life Assoc.* v. *Cleveland Woolen Mills* (82 Fed. 508) the court said (at p. 510): "The policy * * * contained a stipulation that no suit in law or equity should be brought upon it except in the Circuit Court of the United States. This provision intended to oust the jurisdiction of all State courts is clearly invalid. Any stipulation between contracting parties distinguishing between the different courts of the country is contrary to public policy, and should not be enforced." (Citing cases. See, also, *Insurance Co.* v. *Morse*, 87 U. S. [20 Wall.] 445.)

While the question has never been squarely presented to the Court of Appeals, in my opinion the concurring opinion of Judge CARDOZO in *Meacham* v. *Jamestown, Franklin & Clearfield Railroad Co.* (211 N. Y. 346) is very apt and suggestive as to the proper answer to the question involved herein. He there said (at p. 354): "The presence of the parties here, the ownership of property in this jurisdiction, these and other circumstances may make resort to our courts essential to the attainment of justice. If jurisdiction is to be ousted by contract, we must submit to the failure of justice that may result from these and like causes. It is true that some judges have expressed the belief that parties ought to be free to contract about such matters as they please. In this State the law has long been settled to the contrary. (*Sanford* v. *Commercial Travelers' Mut. Acc. Assn.*, 86 Hun, 380; 147 N. Y. 326; *Nat. Contracting Co.* v. *Hudson R. W. P. Co.*, 192 N. Y. 209. See also, *Miles* v. *Schmidt*, 168 Mass. 339; *Fisher* v. *Merchants' Ins. Co.*, 95 Me. 486.) The jurisdiction of our courts is established by law, and it is not to be diminished, any more than it is to be increased, by the convention of the parties." And earlier in the same opinion (at p. 352) he had cited cases in this jurisdiction and elsewhere, holding that an agreement that a foreign court should have exclusive jurisdiction was to be condemned.

In *Gitler* v. *Russian Company, etc.* (124 App. Div. 273) the contract provided that "plaintiffs would not bring any action in the State of New York against this defendant upon or in respect to the judgment referred to in the complaint herein, but that any such action should be brought, if at all, in Russia." Mr. Justice SCOTT, writing for a unanimous court, said (at p. 275): "It is a rule of general acceptance that parties cannot by agreement or stipulation oust the courts of their jurisdiction as to controversies thereafter to arise. (*Insurance Co.* v. *Morse*, 87 U. S. [20 Wall.] 445.)" And again: "In *Insurance Co.* v. *Morse* (*supra*) it was said: 'A man may not barter away his life or his freedom or his substantial rights. * * * In a civil case he may submit his particular suit by his own consent to an arbitration, or to the decision of a single judge.

So he may omit to exercise his right to remove his suit to a Federal tribunal as often as he thinks fit in each recurring case. In these aspects any citizen may, no doubt, waive the rights to which he may be entitled. He cannot, however, bind himself in advance by an agreement which may be specifically enforced thus to forfeit his rights at all times and on all occasions whenever the case may be presented.' It is thus made clear that the Supreme Court, in deciding *Insurance Co.* v. *Morse,* which is recognized as a leading authority in this country, had clearly in mind the distinction between an agreement not to submit to the courts a particular pending controversy, and an agreement to withdraw from the jurisdiction of the courts all future controversies that might arise respecting the relative rights of the contracting parties, and that its decision was limited to the latter class of agreements."

In *Kent* v. *Universal Film Manufacturing Company* (200 App. Div. 539) Mr. Justice Laughlin said (at p. 550): " The Federal court regards contracts by which parties attempt to confer exclusive jurisdiction over a particular court, foreign or domestic, as contrary to public policy and void. (*Gough* v. *Hamburg Amerikanische Packetfahrt Aktiengesellschaft,* 158 Fed. Rep. 174; *Kuhnhold* v. *Compagnie Generale Transatlantique,* 251 id. 387: *Mutual Reserve Fund Life Assn.* v. *Cleveland Woolen Mills,* 82 id. 508; *Prince Steam-Shipping Co.* v. *Lehman,* 39 id. 704; *Slocum* v. *Western Assur. Co.,* 42 id. 235.) In *Engel* v. *Shubert Theatrical Co.* (166 App. Div. 394) it was deemed sufficient to apply the rule of strict construction to such a contract and the court refrained from adjudicating with respect to the validity thereof. In *Gitler* v. *Russian Co.* (124 App. Div. 275) it was merely held that a contract, founded on a good consideration, with respect to the remedy to be adopted for the enforcement of an existing judgment would be given effect for the reason that no question of public policy was there involved such as is involved with respect to a general contract to oust the court of jurisdiction before a controversy has arisen thereunder. It does not appear to have been authoritatively decided in this jurisdiction whether the Federal court decisions will be followed; but I think they should be applied to the extent of holding that the defendant, a domestic corporation, could not, even if it were so intended, contract to oust the courts of this State of jurisdiction to call it to account under its agreements with the plaintiff. (See *Benson* v. *Eastern Building & Loan Assn.,* 174 N. Y. 83; *Meacham* v. *Jamestown, F. & C. R. R. Co.,* 211 id. 346; *Buel* v. *B. & O. South-western R. Co.,* 24 Misc. Rep. 646.) "

In my opinion the reasoning of these cases sustains the contention that any agreement by which the parties to a contract (one of

whom is a resident of this State) undertake to oust the courts or tribunals of this State of jurisdiction over controversies between the parties thereafter arising out of the contract, and to confer exclusive jurisdiction to determine such controversies upon a foreign tribunal, is against public policy, null and void. It follows that despite such an agreement, the courts of this State will assume jurisdiction of a transitory action brought by such resident against non-resident defendants, who have appeared generally in the action.

The motion in this case was based solely on the ground of lack of jurisdiction by reason of the existence of the clause conferring sole jurisdiction upon the courts of Germany, and there was no suggestion of any reason appealing to the conscience of the court why such jurisdiction should not be assumed.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to the defendants to answer upon payment of said costs.

CLARKE, P. J., MERRELL, MCAVOY and BURR, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to defendants to answer within twenty days on payment of said costs.