In the Matter of the Application of HAMBURG-AMERICAN LINE.*

Supreme Court, New York County, January 6, 1930.

---

* See, also, 134 Misc. 481.

*Haight, Smith, Griffin & Deming* [*Herbert K. Stockton* of counsel], for the petitioner.

*Single & Single* [*C. Welmore Robinson* of counsel], for the respondent.

CALLAHAN, J. This is an application to stay an action pending in the City Court of the city of New York by Frank H. Kipp, as plaintiff, against the Hamburg-American Line (a foreign corporation). Said action was brought by plaintiff, as assignee of a German corporation, which was the consignee of a shipment of goods made at Shanghai, China, on a Hamburg-American Line ship, for breach of contract of carriage. The plaintiff assignee is an American citizen.

The contract of carriage contained the following provision: ' All disputes are to be decided according to German law, and exclusively by the Hamburg courts." The present application for a stay is based on the contention of the Hamburg-American Line that the clause cited amounts to an agreement to arbitrate, and that the present litigation should be stayed pursuant to the provisions of the Arbitration Law, section 5.

The courts of this State have declared as a matter of public policy that an agreement by the parties to a contract, one of whom is a resident of the State, to oust the courts of this State of jurisdiction over controversies between the parties thereafter arising out of the contract, and to confer exclusive jurisdiction to determine such controversies upon a foreign tribunal, is against public policy, and null and void, and that the courts of this State will assume jurisdiction of a transitory action brought by such resident against non-resident defendants, who have appeared generally in the action. (*Sudbury* v. *Ambi Verwaltung Kommanditgesselschaft auf Aktien,* 213 App. Div. 98.) The Court of Appeals has further stated that an agreement that a foreign tribunal shall have exclusive jurisdiction is to be likewise condemned, whether the tribunal is a court or a board of arbitrators. (*Meacham* v. *Jamestown, F. & C. R. R. Co.,* 211 N. Y. 346.)

The fact that the assignor of the present claim was a non-

resident should not affect the rights of the present assignee, at least in the absence of proof that to assume jurisdiction would create a grave injustice. The courts of this State have jurisdiction of this class of action (Gen. Corp. Law of 1929, § 224), and if discretion were to be exercised there is no reason present which to me appears sufficient to decline jurisdiction.

In any event, the clause cited in the contract herein is not sufficiently broad to be construed as an agreement to arbitrate It is purely an agreement to submit the matter to a foreign court. The purpose of the Arbitration Law is not to aid in the preference. of one court over another, but to discourage litigation.

I regret that I cannot agree with the views of another Special Term of this court in the interpretation of the Arbitration Law, as expressed in the case of *Kelvin Engineering Co.* v. *Blanco* (125 Misc. 728). In the case of *The Cap Blanco* ([L. R.], 1913 Prob. Div. 130) the clause provided that any disputes concerning the interpretation of the bill of lading are to be decided in Hamburg according to Hamburg law; although the court there held that this clause in effect was an agreement to arbitrate in Germany and declined jurisdiction, the clause did not specifically attempt to give jurisdiction to a German court. In any event, as the matter involves the public policy of this State, I do not feel that the decision is controlling, in the light of that policy as expressed by our courts.

The motion is denied. Order signed.