27 F.Supp. 8 (1938)
THE EDAM.
OTTO C. HAGEN CORPORATION
v.
N. V. NEDERLANDSCH-AMERIKAANSCHE STOOMVAART-MAATSCHAPPIJ et al.
District Court, S. D. New York.
December 27, 1938.
Raiemond E. Dee and Harry D. Thirkield, both of New York City, for libelant.
Bigham, Englar, Jones & Houston, of New York City, for respondents Standard Marine Ins. Co., Ltd., Eagle Star Ins. Co., Ltd., and London & Scottish Assur. Corporation.
MANDELBAUM, District Judge.
The respondents move for an order dismissing the action, or in the alternative for a stay of all proceedings and referring the dispute to a competent judge at Rotterdam for decision.
The clause upon which the respondents base their request for relief states in part that "all disputes be submitted to the determination of the competent court at Rotterdam". The libelant concedes that agreements to arbitrate are valid, but claims that the clause in dispute is of no effect because it is not an arbitration clause, but rather one which attempts to oust this court of jurisdiction. A long list of authorities have consistently held that agreements to oust the court of jurisdiction are invalid as against public policy. The respondents, on the other hand, urge in support of the validity of this clause, that the parties have agreed in advance upon a certain tribunal, and have in effect, selected that tribunal as arbitrator of their disputes.
I have considered the authorities cited by both sides very carefully and am of the opinion that the clause is not an arbitration clause, but rather one which ousts the court of its jurisdiction, and hence invalid. Judge Knox, of this court, in American Tobacco Company v. Lloyd Triestine Di Navigazione,[1] decided June 17th, 1928, has construed a similar clause and declined to dismiss or stay the suit. I see no conflict between the American Tobacco case, supra, and the decision of the Supreme Court in Shanferoke Coal & Supply Corp. v. Westchester S. Corp., 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583, cited by the respondents.
The motion is denied.
NOTES
[1] No opinion for publication.