OSCAR GREEN, Plaintiff, *v.* FOUNDATION COMPANY, Defendant, and TODD SHIPYARDS CORPORATION, Impleaded Defendant.

City Court of New York, Special Term, New York County, October 7, 1943.

*Cullen & Dykman* for impleaded defendant.

*Nachwalter & Ludmerer* for plaintiff.

*Wickes, Riddell, Bloomer, Jacobi & McGuire* for defendant.

McCULLEN, J. This is a motion by the impleaded defendant to dismiss the defendant's claim against it. The action is brought under the Fair Labor Standards Act of 1938. (U. S. Code, tit. 29, § 201 *et seq.*) The defendant, the employer of plaintiff, was a subcontractor in the performance of certain work covered by a prime contract between the impleaded defendant and the United States Government. The subcontract was predi-

cated upon a cost-plus-a-fixed-fee arrangement, and consequently the defendant asserts that the impleaded defendant is liable to it not only for the wages defendant was originally required to pay to plaintiff, but also for any liquidated damages and counsel fee it must pay to him in this action by virtue of the provisions of the Fair Labor Standards Act.

The present application to dismiss the complaint of the defendant against the impleaded defendant is founded upon a claim of lack of jurisdiction in this court. It is contended that this court is divested of jurisdiction by reason of the following provisions of the subcontract: " *Article 30. Disputes.* Except as otherwise specifically provided in this Contract, all disputes concerning questions of fact under this Contract shall be decided by the Contracting Officer, subject, however, to written appeal by the Contractor or Subcontractor within thirty (30) days to the Secretary of the Navy or his duly authorized representative, whose decision shall be final and conclusive upon the parties hereto: Provided, however, that any dispute between the parties hereto or between any party hereto and the Bureau of Supplies and Accounts in respect to the determination of true costs, and any appeal by the Contractor or the Subcontractor from any determination of said Bureau as to costs, final settlement of contracts or any other matter whatsoever affecting payments to or by the Contractor, shall be referred in the first instance to the Navy Compensation Board. Pending any such decision, the Subcontractor shall diligently proceed with the performance of the work hereunder."

I am willing to assume that a stipulation in a contract depriving the courts of jurisdiction is not invalid as against public policy under the rule of *Sudbury* v. *Ambi Verwaltung Kommanditgesselschaft* (213 App. Div. 98) if the contract relates to the performance of work for the United States Government, especially for the Navy in time of war, and particularly if it confers jurisdiction to determine disputes upon a department of the Navy, and finally upon the Secretary of the Navy. However, the question remains whether the above-quoted provisions are comprehensive enough to include the present dispute.

These provisions contain no stipulation that no action of any kind based upon the subcontract should be brought in a court of law. It is not provided that all disputes should be determined by the Navy; only certain disputes are to be so determined. While the above-quoted paragraph, read in its entirety, is not crystal clear, and although I think it unnecessary to attempt a definitive and complete interpretation of it at this time, it is

reasonable to suppose that it probably means no more than that all questions of fact relating to the cost and manner and methods of performance of the subcontract, and particularly to the " true costs " of construction, should be litigated in the Navy Department. Such an interpretation of the contract leaves a court of law free to construe the contract and to decide any questions of law which may present themselves. Indeed, it may be the duty of the court to decide whether, under the contract, the impleaded defendant is required to make good the loss which the defendant will suffer in having to pay liquidated damages and a counsel fee to plaintiff, a liability which it incurred only because it failed in the first instance to pay plaintiff the overtime wages he was entitled to receive under the Fair Labor Standards Act. Are such liquidated damages and counsel fee a part of the " true costs " of performance of the subcontract? The answer to this question seems to depend upon what interpretation should be given to the contract; to answer it does not seemingly require an investigation of actual costs of construction, and it may be a question with which the court, rather than the Navy Department, should be concerned.

The impleaded defendant has not yet served an answer to the complaint of the defendant. It may be that certain issues which will be raised in the answer of the impleaded defendant will be of a nature which the court must decide. Whether the issues to be determined are those which, under the contract, should be submitted to the Navy Department can be best seen after the issues are framed. The discretionary power given under rule 107 of the Rules of Civil Practice to dismiss a complaint before the answer is interposed should not be invoked in the present circumstances. The impleaded defendant may, of course, base a separate defense upon the provisions of the subcontract upon which it relies to divest the court of jurisdiction. Such defense may then be passed upon at the trial or at some other appropriate stage of the action.

The motion is denied with leave to the impleaded defendant to serve its answer.

Order signed.