**THE CIANO (six cases).**

Nos. 73, 81, 83, 85, 87 and 89 of 1943.

District Court, E. D. Pennsylvania.
Oct. 7, 1944.

Bigham, Englar, Jones & Houston, by F. H. Prem, all of New York City, and Krusen, Evans & Shaw, by Rowland C. Evans, Jr., of Philadelphia, Pa., for Comex Wine & Spirits, Inc., T. M. Duche & Sons, John M. Germack arid Frank Germack, copartners, Joseph A. Zaloom and Viola Zaloom, copartners, and Braun Importing Co., Inc.

Krusen, Evans & Shaw, by Rowland C. Evans, Jr., all of Philadelphia, Pa., for Joseph W. Spencer, Susan B. Spencer, Richard H. Wilker, and Eleanor Wilker, copartners.

Rawle & Henderson, by George M. Brodhead, Jr., all of Philadelphia, Pa., for claimant and respondent.

GANEY, District Judge.

Six libels in admiralty were filed in the six above entitled cases and the Steamship "Ciano" attached under a writ of attachment. The libels have been filed by six owners of the cargo carried aboard the Ciano from Spain to the United States. The Proctors for the vessel and her owners filed exceptions to the libels on the ground that this court is without jurisdiction by reason of the following clause contained in the Bill of Lading:

"18. The shippers and receivers, waiving their right to be tried in their home town expressly submit themselves to the jurisdiction of the Judges and Tribunals in the place where the shipowners are located, for all litigations that may arise from the present contract and its incidentals, regardless of any provision to the contrary in the Code of Commerce or Law of Procedure in matters of jurisdiction. This clause shall be understood to be always in force even though the ship's agents and the parties interested in the cargo may have tried to settle in principle, by whatever means, any differences that may arise".

The exceptions to the libels conclude with the prayer that the libels be dismissed or, in the alternative, that all proceedings thereunder be stayed pending the decision of a Court at Gijon, Spain, pursuant to the provisions in Clause No. 18 above.

This poses the question whether the clause is one for arbitration or whether its effect is one to oust the jurisdiction of the court.

An examination of the authorities seems to show that there is no uniformity in the construction of an agreement such as this, some holding that the same is within the purview of the Arbitration Law, Act of February 12, 1925, c. 213, § 3, 9 U.S.C.A. § 3, and should be treated as a submission to arbitration, and others holding that it is not within the purview of the Act and is only designed to oust the court of jurisdiction. The English authorities, as in the case of The Cap Blanco, L.R. [1913] Prob. Div. 130, hold such agreements as within the meaning of the English Arbitration Act of 1899, which has a clause similar to that of our own Act. In that case the provision was as follows: "any disputes concerning the interpretation of the bill of lading are to be decided in Hamburg, and in accordance with German law." In Kelvin Engineering Co., Inc., v. Blanco, 125 Misc. 728, 210 N.Y.S. 10, the court treated an agreement to have the parties submit themselves to the Courts of the City of Santiago de Cuba for the performance or non-performance of the contract as one to be treated as a submission to arbitration, and accordingly gave effect to it. However, in Application of Hamburg-American Line (The Saarland), 135 Misc. 715, 238 N.Y.S. 331, 332, 1930 A.M.C. 196, the Supreme Court of New York refused to follow Kelvin Engineering Co., Inc., v. Blanco, supra. The contract of carriage contained the following provision: "All disputes are to be decided according to German law, and exclusively by the Hamburg courts" on the ground that it was merely an attempt to oust the court of jurisdiction. The last reported case on the subject is The Edam, D.C., 27 F.Supp. 8, where the court construed the clause: "All disputes be submitted to the determination of the competent court at Rotterdam", and held it was not an agreement to arbitrate but an attempt to oust the jurisdiction of the United States Courts and therefore invalid.

In analyzing carefully the authorities, I am persuaded to the views set forth in The

Edam case, supra, as it seems to me that these provisions are not in a true sense, clauses providing for arbitration, but rather clauses and agreements which attempt to give preference to one court over another, and to attempt to construe them as real agreements for arbitration within the purview of the Arbitration Act would be to confer exclusively jurisdiction as here on a foreign tribunal and thus oust the jurisdiction of the United States Court.

The exceptions are dismissed.