Francesco **MUOIO** and Maria **Muoio**, his wife, Libellants,

v.

**ITALIAN LINE**, Respondent.

No. 513 of 1963.

United States District Court
E. D. Pennsylvania.
April 7, 1964.

Joseph V. Restifo, Philadelphia, Pa., for libellants.

Clark, Ladner, Fortenbaugh & Young, Benjamin F. Stahl, Jr., Philadelphia, Pa., for respondents.

KRAFT, District Judge.

Respondent has moved to dismiss the libel herein on the ground that this Court should refuse to accept jurisdiction of the subject-matter.

Libellants seek to recover damages for personal injuries allegedly sustained by the wife-libellant in the Port of Naples, Italy, while she was a passenger aboard the Cristoforo Colombo, a vessel owned and operated by the respondent.

The facts material to the present motion appear to be undisputed. The libellants, though citizens of Italy, are permanent residents of the United States, who have filed declarations of intention to become citizens of the United States. The respondent is a foreign corporation, organized and existing under the laws of Italy. It engages in regular passenger carriage between the United States and foreign ports, and has offices in various cities in the United States, including Philadelphia. The ticket for passage for the wife-libellant from Naples to New York was purchased in Italy.

The passage contract contains the following clauses:

"34—VENUE OF JUDICIAL PROCEEDINGS — INTERRUPTION OF STATUTE OF LIMITATIONS—All controversies that may arise directly or indirectly in connection with or in relation to this passage contract, must be instituted before the judicial authority of Genoa, the jurisdiction of any other authority being expressly renounced and waived, even in the case of contemporary connecting causes before other Courts. It is mutually agreed that there shall be no interruption in the running of the Statute of Limitations unless a judicial request is sought before the competent authority of Genoa."

"35—RULING LAW OF THIS CONTRACT—This passage contract is subject to the Italian Law."

Passing the question whether the libellants' claims are controversies which arise directly or indirectly "in connection with or in relation to" the passage contract, there appears to be a notable diversity of view as to the validity and enforceability of such contractual provisions, limiting the place or court in which an action may be brought, even when the controversy does arise directly in connection with the passage contract. Moreover, the cases draw a distinction between contract provisions which relate to future causes of action and those which involve existing causes. The more recent cases are collected in Annotation, 56 A.L.R.2d 300 (1955). Regarding the former class of contract provisions, it is noted (p. 304):

"With respect to contracts relating to future causes, most courts

have refused enforcement, most often on the ground that such contracts violate public policy in seeking to oust courts other than those specified of the jurisdiction which would otherwise be theirs. However, a growing minority of the cases has taken a contrary view, holding that the contracts are not, per se, unenforceable, but on the contrary should be enforced so long as they appear, in light of the surrounding circumstances, reasonable."

A recent case adhering to the majority view is Carbon Black Export v. The S. S. Monrosa, 254 F.2d 297 (5th Cir. 1958).[1] In that case, a United States exporter filed a libel in rem and in personam against an Italian ship and the Italian ship owner for loss of and damages to goods shipped from the United States to Italy. Clause 27 of the bill of lading provided that no legal proceedings could be brought against the captain or ship owners or their agents, except in Genoa. The Court of Appeals, reversing the action of the District Court, held that the exclusionary clause did not in terms apply to in rem proceedings. With respect to the suit against the ship owner, the Court stated (254 F.2d p. 300):

"We are of the opinion also that the court below should have denied the motion of respondent Navigazione to decline personal jurisdiction as to it. In essence, the motion was based upon Clause 27 as buttressed by the doctrine of forum non conveniens. Any consideration of such a question starts with the universally accepted rule that agreements in advance of controversy whose object is to oust the jurisdiction of the courts are contrary to public policy and will not be enforced."

On the other hand, the minority view found expression in Wm. H. Muller & Co. v. Swedish American Line, Ltd., 224 F.2d 806, 56 A.L.R.2d 295 (2d Cir. 1955). There, the consignee, a New York corporation, sued a Swedish carrier for loss of cargo when the vessel was lost at sea. The bill of lading provided that any claim against the carrier should be decided according to Swedish law and in the Swedish courts. The Court of Appeals held that the agreement was enforceable, since it was not unreasonable in the setting of the case. After some discussion of the authorities, the Court concluded (224 F.2d p. 808):

"From this it follows that in each case the enforceability of such an agreement depends upon its reasonableness. We agree with the appellant to this extent: the parties by agreement cannot oust a court of jurisdiction otherwise obtaining; notwithstanding the agreement, the court has jurisdiction. But if in the proper exercise of its jurisdiction, by a preliminary ruling the court finds that the agreement is not unreasonable in the setting of the particular case, it may properly decline jurisdiction and relegate a litigant to the forum to which he assented. Such, essentially, was our holding in Cerro De Pasco Copper Corp. v. Knut Knutsen in the case of The Geisha, 2 Cir., 187 F.2d 990. We adhere to that ruling."

The Court of Appeals for this Circuit apparently has not ruled on the question, and there is a singular dearth of authority in the District Courts in this Circuit. The industry of counsel and our own research have unearthed only one case in this District. The Ciano, 58 F.Supp. 65 (E.D.Pa.1944), was an action in rem by owners of cargo carried from Spain to the United States. We infer that libellants were American companies and that the ship and its owners were Spanish. The vessel and her owners filed exceptions to the libel on the ground that the Court was without jurisdiction by

1. Cert. dismissed as improvidently granted, 359 U.S. 180, 79 S.Ct. 710, 3 L.Ed.2d 723 (1959).

reason of a clause in the bill of lading giving exclusive jurisdiction to the courts of Spain. Following a review of the authorities, this Court concluded that the clause was not an "arbitration clause", but was invalid as an attempt to oust the Court of jurisdiction, and dismissed the exceptions.

 After due consideration, we are not satisfied that we would be justified in departing from the majority view upon the question of agreements like these which limit jurisdiction to specific tribunals. While there may be some trend toward enforcement of such agreements, if reasonable, we do not regard that trend as so pronounced or persuasive as to warrant a refusal to follow this Court's decision in The Ciano, supra. We hold therefore that the provision of clause 34 of the passage contract is invalid as an attempt to oust the Court of jurisdiction.

Were we to hold with the minority that such agreements are enforceable, if reasonable, we would nonetheless hold the instant contract provision invalid in the factual setting of this case. Libellants are permanent residents of the United States and reside in this District. To remand them to a foreign court would be unreasonable, and might, in effect, deprive them of any remedy. We have found no case, and our attention has been directed to none, in which a United States Court has required an individual resident of the United States to pursue his remedy only in the foreign court specified in the passage contract.

The same considerations answer respondent's contention that we should decline jurisdiction under the doctrine of forum non conveniens. "Factors determinative of unreasonableness are similar to those involved in deciding an issue of forum non conveniens." Takemura & Company v. The S. S. Tsuneshima Maru, 197 F.Supp. 909, 912 (S.D.New York 1961). It may be noted, too, that the rule governing application of that doctrine is thus expressed by the Supreme Court in Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), "But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." We find no preponderating balance in favor of respondent.

Accordingly, we make the following

## ORDER

Now, April 6th, 1964, it is ordered that respondent's motion to dismiss the within libel be, and it is, denied.