181 So.2d 809 (1966)
Alberto CALZAVARA
v.
BIEHL & COMPANY, Inc.
No. 2017.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1966.
Wilmer G. Hinrichs, New Orleans, for plaintiff-appellant.
Monroe & Lemann, Nigel E. Rafferty, Malcolm L. Monroe, and C. King Mallory, New Orleans, for defendant-appellee.
Before McBRIDE, SAMUEL and CHASEZ, JJ.
SAMUEL, Judge.
This is a suit for damages, allegedly both ex contractu and ex delicto, arising out of a contract of passage on board an Italian vessel. It is brought under the "saving to *810 suitors" clause in 28 U.S.C.A. § 1333. Plaintiff has prosecuted this appeal from a judgment maintaining an exception to the jurisdiction over the subject matter and dismissing his suit. Defendant has answered the appeal praying that the judgment be affirmed and, alternatively, that this court maintain a defendant exception of prescription filed in the lower court and not passed on there.
No evidence was introduced in connection with the exception to the jurisdiction and the pertinent facts, as shown by the pleadings and exhibits filed with the pleadings, are not in dispute. Those facts are:
Plaintiff, a native born Italian, is a naturalized citizen of the United States and resides in the City of New Orleans. He is a former officer in the Italian merchant marine and navy and as such customarily has been accorded discounts on passenger accommodations with several Italian registry vessels. During the early part of May, 1963 he wrote to Sidarma Lines in Venice requesting passage from New Orleans to any port in Italy at the reduced fare. In response Sidarma directed its New Orleans agent, Biehl & Company, Inc., the sole defendant herein, to provide plaintiff with passage at the reduced fare. Biehl & Company, Inc., is a Louisiana corporation domiciled in the Parish of Orleans. Plaintiff then obtained passage from defendant on the Sidarma Line Italian vessel Lazzaro Mocenigo, scheduled to sail from New Orleans on May 10, 1963 at about 10 p. m. The passage was subject to the availability of the vessel's passenger accommodations.
Plaintiff obtained his ticket and boarded the ship during the morning of May 10. He had lunch on board, left for a short time in the afternoon, and returned to the vessel at about 7 p. m. Upon his return he was put off the ship and his passage was cancelled allegedly on orders from the defendant. Plaintiff's suit is for damages he claims resulted therefrom.
The exception to the jurisdiction is based on a provision in the contract of passage which reads substantially (it is written in Italian) as follows:
"Any dispute in consequence of or in relation with the transportation contract, these include the transportation of baggage, shall be sustained in the Court of Law of Venice for the passenger hereby expressly renounces the jurisdiction of any other court."
This case, based as it is on the "saving to suitors" clause of 28 U.S.C.A. § 1333, is governed primarily by the provisions of the admiralty and maritime law of the United States. Generally under that law, as to an action in personam contractual provisions placing exclusive jurisdiction in a foreign court are valid and enforceable if the same are reasonable; if the provision is unreasonable it will not be enforced; and the test of reasonableness principally is concerned with the nationalities of the parties involved and the accessibility to them of the court given exclusive jurisdiction by the provision. Anastasiadis v. S. S. Little John, 5 Cir., 346 F.2d 281; Wm. H. Muller & Co. v. Swedish American Line Ltd., 2 Cir., 224 F.2d 806; Hatzoglou v. Asturias Shipping Company, S.A., D.C., 193 F.Supp. 195.
Assuming, but not deciding, that the quoted contractual provision limiting jurisdiction could be applicable to an individual resident of the United States (see Muoio v. Italian Line, D.C., 228 F.Supp. 290), insofar as the plaintiff and defendant in the instant case are concerned, the provision is clearly and palpably unreasonable. As we have pointed out, plaintiff is a citizen of the United States residing in New Orleans and defendant is a Louisiana corporation domiciled in the Parish of Orleans. To hold that plaintiff can bring his action against the defendant only in Venice, Italy would be equivalent to holding that he cannot bring the action against the defendant anywhere. Obviously, the courts of Italy could *811 not acquire effective jurisdiction over the defendant. We hold that the trial court does have jurisdiction.
In fairness to the trial judge we note that the exception was submitted to him without evidence and without argument; it was submitted on briefs to be filed by counsel for the two litigants. The record does contain a trial court brief submitted by the defendant but we have been unable to find any trial court brief or memorandum submitted on behalf of the plaintiff. From a reading of his Reasons for Judgment, it is quite clear the trial judge understandably was under the impression that both the plaintiff and the defendant were Italian nationals, an entirely different situation than that which exists in fact.
We cannot grant the defendant's alternative prayer, contained in its answer to the appeal, that we maintain its exception of prescription filed in the lower court and not passed on there. The prescriptive period referred to is an additional condition of the contract of passage providing that any action "in connection with the transportation contract" must be commenced within six months from the date of the arrival of the vessel in the passenger's port of destination. The trial court properly did not pass on this exception because it first decided it was without jurisdiction and therefore could take no further action in the case. In this court the simple answer is that we cannot pass upon the exception of prescription for the reason that the parties have the right to offer evidence in connection therewith (LSA-C.C.P. Art. 931) and such evidence can be taken only in the trial court.
For the reasons assigned, the judgment appealed from is reversed, the exception to the jurisdiction over the subject matter is overruled, and this case is remanded to the trial court for further proceedings in accordance with law; costs of this appeal to be paid by defendant-appellee.
Reversed and remanded.