CULPEPPER, Judge.
This is a suit for benefits under a homeowner’s insurance policy which provided coverage against loss due to burglary of the insured premises. The defendant insurer filed an exception of prescription on the grounds that this suit was not filed within one year after plaintiff discovered the loss, as required by the policy. From a judgment sustaining the exception and dismissing his suit, plaintiff appealed.
The substantial issue is whether the trial judge erred in trying and deciding the exception in advance of a trial on the merits.
Plaintiff’s petition alleges that on or about September 7, 1971, while he was in Texas, he was advised that his insured premises in Lafayette, Louisiana had been burglarized and ransacked. On September 11, 1971, he went to Lafayette where he found the house had been practically emptied. He immediately notified the defendant insurer of the loss and prepared a lengthy inventory of the missing articles, having a total value of about $41,000. Negotiations with defendant for a settlement were then initiated.
In his petition, plaintiff alleges that during negotiations the defendant insurer admitted liability, and the sole issue was the amount of the loss. Further, that the delay of more than a year in his filing this suit was due to the fault of the defendant insurer in waiving any defense as to liability.
Plaintiff prayed for judgment in the sum of $28,000, the full amount of the coverage.
This suit was filed on May 29, 1973, which was approximately one year and nine months after the alleged discovery of the loss in September of 1971. Before answer, defendant filed an exception of prescription on September 17, 1973. Defendant has not filed an answer.
The policy which is in statutory form, provides in pertinent part as follows:
“Suit — No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all requirements of the policy shall have been complied with, and unless commenced within twelve months next after the inception of the loss.”
Defendant’s exception of prescription was set down for hearing on October IS, 1973. In advance of that date, both plaintiff and defendant filed briefs stating their position. Plaintiff took the position, as referred to above from his petition, that during negotiations regarding the loss the defendant insurer had assured plaintiff the loss would be paid and that the only question was the amount. Plaintiff argued that he had been “lulled” into not filing a suit within a year by defendant’s actions in waiving any defense based on liability.
On the date of the hearing on the exception, October 15, 1973, counsel for defendant appeared and filed in evidence a copy of the policy and a copy of plaintiff’s petition, which sets forth the date of discovery *448 of the loss. Plaintiff made no appearance at the hearing and there is no explanation in the record for his absence.
The trial judge concluded defendant had established a prima facie case supporting the exception of prescription. Since the plaintiff made no appearance and did not attempt to introduce any evidence to support his contention of waiver or “lulling”, the district judge sustained the exception of prescription.
In his brief filed in this court, plaintiff contends the trial judge erred in not allowing the matter to go to trial to determine whether the defendant insurer had waived the one year limitation for filing suit. He says that the question of whether he was lulled into delaying suit by the actions of the defendant insurer is a question which should be decided in a trial on the merits, rather than a hearing on the exception.
LSA-C.C.P. Article 929 provides in pertinent part:
“The . . . peremptory exception when pleaded before answer, shall be tried and decided in advance of the trial of the case.”
LSA-C.C.P. Article 931 provides in pertinent part:
“On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or contravert any of the objections pleaded, when the grounds thereof do not appear from the petition.”
Under Article 929, it is clear that the trial judge acted properly in hearing the peremptory exception of prescription in advance of the trial. It is also clear under Article 931 that at the trial of this exception of prescription both plaintiff and defendant had the right to introduce evidence. The defendant appeared and presented evidence which established a pri-ma facie case supporting its exception. The plaintiff chose not to appear. He presented no evidence whatsoever to support his contention of waiver or “lulling”. Instead, plaintiff apparently chose to rely on his position that the exception of prescription could not be heard in advance of the trial on the merits, a position which is clearly erroneous.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.