344 So.2d 8 (1977)
CHIN SEE FUN
v.
LOUISVILLE AND NASHVILLE RAILROAD COMPANY et al.
No. 7834.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1977.
Rehearing Denied April 13, 1977.
Writ Refused June 3, 1977.
*9 Curet & Curet, Douglas T. Curet, LeRoy R. Curet, New Orleans, for plaintiff-appellant.
Bruce J. Borrello, Stephen L. Huber, Robert A. Katz, George J. Richaud, A. Miles Pratt, III, Metairie, for defendants-appellees.
Before SAMUEL, REDMANN and BEER, JJ.
BEER, Judge.
Appellant, Chin See Fun, brought suit against Louisville and Nashville Railroad Company (hereafter "L&N"), John Doe and XYZ Insurance Company on March 7, 1975, for damages allegedly resulting from an accident on March 7, 1974, caused, in part, by an improperly parked trailer owned by L&N. Plaintiff alleged that the negligence of John Doe (an unknown motorist), as well as negligence on the part of L&N in parking the trailer, were causes of the accident. On July 15, 1975, he amended his petition to add, as defendants, Republic Freight System, Inc. (now known as Yellow Freight System, Inc. but hereinafter, for our purposes, "Republic") and its insurer Liberty Mutual Insurance Company (hereafter "Liberty"), Consolidated Express, Inc. (hereafter "Consolidated") and his liability insurer All State Insurance Company (hereafter "All State"). He contends that the parked trailer "was being used" by Republic who employed Consolidated as its delivery agent. Republic and Liberty, its insurer, filed a peremptory exception of prescription on September 3, 1975, contending that there was no relationship between Republic and L&N supportive of a finding of solidary obligation such that prescription could have been interrupted by the timely filed suit against L&N.
Judgment was rendered maintaining the peremptory exception of prescription and *10 dismissing plaintiff's suit as to Liberty and Republic. Chin See Fun has devolutively appealed, urging that the trial court erred in maintaining the peremptory exception of prescription and that the trial court ". . . exceeded the purview and intent of the trial on said exception of prescription, by allowing the issue of `joint liability' to be decided."
In response, Republic and Liberty submit that evidence is admissible at a hearing on an exception of prescription and that the ruling was proper in all respects.
The trial court may hear a peremptory exception of prescription in advance of trial and, at such a hearing, evidence may be taken. LSA-C.C.P. Arts. 929 to 931; Hollingsworth v. General Accident & Life Ins. Corp., Ltd., 297 So.2d 446 (La.App. 3rd Cir., 1974); Calzavara v. Biehl & Co., 181 So.2d 809 (La.App. 4th Cir., 1966).
Thus, the trial judge acted within his discretion in admitting and considering evidence bearing ultimately on the relationship (or lack thereof) between L&N and Republic since, in this case, the exception of prescription necessarily hinged upon the determination of solidary liability. At that hearing, the trial judge was obliged to consider evidence which may be said to touch on the merits of the case, yet such evidence was indispensable with regard to his ability to effectively and fairly decide the question of solidarity. In administering this flow of evidence, the trial judge should exercise discretion and consider only that evidence necessary to resolve the prescriptive issue. We have no reason to believe that this was not done. The only evidence admitted at the hearing on the exception was the testimony of Clifford E. Cooney, Jr., district manager of Republic. That testimony supports the factual conclusion reached by the trial judge.[1]
We find no reason to intrude upon the trial court's preserve as an original fact finder whether that function is exercised in a trial on the merits or in a hearing on an exception as long as the record supports the conclusion and the trial court has not manifestly erred. This remains the rule when the trial court has reached a similar conclusion with respect to a "Joe Doe" defendant. If, upon consideration of the pleadings and the evidence, the trial court concludes that the record does not support application of the rule announced in Commercial Union Ins. Co. v. Bringol, 262 So.2d 532 (La.App. 4th Cir., 1972), we will not interfere absent a showing of manifest error in reaching the factual conclusions which are supportive of the ruling.
The test announced by the Supreme Court in Majesty v. Comet, 296 So.2d 271 (La., 1974), was, we believe, properly applied by the trial court whose ultimate conclusionsbased upon that proper applicationare supported by the record.
This case is, we believe, distinguishable from Pearson v. Hartford Accident & Indemnity Company, 281 So.2d 724 (La.Sup.Ct., 1973), in view of the fact that the factual issues regarding the prescriptive contention were squarely met and ultimately resolved by the trial court. The record contains a transcript of the testimony of the witness whose factual descriptions form the basis for the trial court's judgment. Granted the premise that the party pleading prescription has the burden of proving same, we observe that, in the opinion of the trial court, such burden was carried.
We find no manifest error in such a conclusion on the part of the trial court and, accordingly, affirm its judgment at appellant's cost.
AFFIRMED.
REDMANN, Judge, dissenting.
When an alleged co-tortfeasor is added as a defendant to an existing suit against another alleged tortfeasor, at a time when prescription has accrued unless interrupted by the suit against the other alleged tortfeasor, *11 may the added alleged co-tortfeasor obtain discharge on a plea of prescription, by introducing evidence that the first-sued alleged tortfeasor was not a tortfeasor (especially when that alleged tortfeasor's motion for summary judgment of dismissal is refused)?
The question is whether the merits of the first demand can be tried on the exception to the second, although only insofar as the exception is concerned. Had the trial judge treated the trial as one on the merits for the first demand and dismissed the first defendant on the merits (or on the motion for summary judgment), then a ruling that the second demand was prescribed would have been correct.
But we cannot rule on the merits of the first demand: there has been no appealable judgment as to it. We must therefore recognize that the original demand against an alleged co-tortfeasor remains alive. Filing that demand interrupted prescription as to all co-tortfeasors. Unable to reject that demand (and therefore its prescription-interruption), we should reverse.
NOTES
[1] Cooney's testimony described the relationship (or, more specifically, the lack thereof) between Republic and L&N.