Emery v. Woods Industries, et al.    CV-98-480-M    02/12/02

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


John Emery,
    Plaintiff

    v.                                    Civil No. 98-480-M
                                          Opinion No. 2002 DNH 042
Woods Industries, Inc.,
Test-Rite International Co., Ltd. (U.S.),
Test-Rite International Co., Ltd. (Taiwan),
and Anonymous II, Inc. (formerly
Woods Wire Product, Inc.),
    Defendants


**O R D E R**


By order dated December 19, 2001, the court granted Woods Industries Inc.'s motion for leave to file cross-claims against its co-defendant Test-Rite International Co., Ltd. (Taiwan). Pursuant to Rule 12(b)(5), Test-Rite moves to dismiss those cross-claims, saying Woods failed to serve them in accordance with the Federal Rules of Civil Procedure.  Woods objects.


Pointing to seemingly unrelated language in Rule 12(a)(2) of the Federal Rules of Civil Procedure, Test-Rite asserts that to properly serve its cross-claims, Woods must comply with the requirements of Rule 4 (i.e., serve the cross-claims upon the

named defendant itself, rather than merely mailing a copy to its counsel of record). See Test Rite's motion (document no. 77) at para. 4 ("Test-Rite (Taiwan) respectfully believes that Test-Rite (Taiwan) must be served the cross-claim pursuant to Fed. R. Civ. P. 12(a)(2), and that Woods cannot rely upon service by plaintiff Emery.").

Test-Rite is mistaken. Rule 12(a)(2) does not provide that service of cross-claims upon a cross-claim defendant must comply with the formalities of Rule 4; in fact, that rule is entirely silent as to the means by which cross-claims are served. Instead, it addresses the time frame within which an answer to a cross-claim must be served.

Service of cross-claims is typically governed by Rule 5, which provides that such service "shall be made upon the attorney unless service upon the party is ordered by the court." Fed. R. Civ. P. 5(b) (emphasis supplied). Here, the court has not ordered that service of the cross-claims be made upon Test-Rite and, therefore, service upon its counsel complies with the requirements of the Federal Rules. See Fed. R. Civ. P. 5(b).

2

See also 4B WRIGHT & MILLER, FED. PRAC. & PROC. 3d § 1146 n.6 (2002) ("When nonresident defendants [are properly] before the court by virtue of extraterritorial service of process, a cross-claim against them may be served on their attorney.") (citing American Optical Co. v. Philadelphia Elec. Co., 228 F.Supp. 292, 298 (D.Pa. 1964)); SCHWARZER, TASHIMA, & WAGSTAFFE, FEDERAL CIVIL PROCEDURE BEFORE TRIAL, § 8:352 (2000) ("The cross-claim may be served by mail upon the attorney for any party who has already appeared in the action."); 28 FED. PROC. L. ED. § 65:234 (1996) ("a cross-claim against an already-served and not-in-default party may be served pursuant to FRCP 5.").

As the court has previously noted, if Woods is content to rely upon and accept any risks associated with the service made by plaintiff upon Test-Rite, it should be permitted to do so.[1] Test-Rite's motion to dismiss (document no. 77) is denied.

---

[1] As the court has suggested in prior orders, because plaintiff elected to forego the use of letters rogatory as a means by which to effect service upon Test-Rite, it is conceivable that a Taiwanese court might conclude that the service actually employed by plaintiff was insufficient under Taiwan law and, therefore, refuse to enforce any judgment that might be awarded against Test-Rite in this court.

3

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 12, 2002

cc:  Scott A. Ewing, Esq.
     Richard E. Mills, Esq.
     Douglas J. Miller, Esq.
     David L. Weinstein, Esq.