In the Matter of the Application of BACHMANN, EMMERICH & COMPANY, INC., Appellant, for an Order Directing a Compulsory Arbitration of a Controversy with S. A. WENGER & COMPANY, INC., Respondent.

First Department, January 26, 1923.

Arbitration — agreement to arbitrate — provision that " Sales governed by raw silk rules adopted by the Silk Association of America " is not agreement to arbitrate.

The power of the court to direct arbitration where the same is provided for by the agreement of the parties, should not be exercised, where a contract provides that " Sales governed by raw silk rules adopted by the Silk Association of America," for such provision does not constitute an agreement to arbitrate the differences between the parties which should thereafter arise.

APPEAL by the petitioner, Bachmann, Emmerich & Company, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of May, 1922, denying its application for an order directing a compulsory arbitration.

*Bondy & Schloss* [*Eugene L. Bondy* of counsel; *F. Sidney Williams* with him on the brief], for the appellant.

*Tanzer & Lane* [*Charles J. Lane* of counsel; *Laurence Arnold Tanzer* with him on the brief], for the respondent.

SMITH, J.:

This petition is claimed to have been made under the Arbitration Law (as amd. by Laws of 1921, chap. 14) which provides that a provision in a written contract to settle by arbitration a controversy thereafter arising between the parties to the contract shall be valid, enforcible and irrevocable, and for an application to the courts for the appointment of an arbitrator and directing that the arbitration proceed.  The power of the court derived from this law rests upon a written agreement of the parties to arbitrate the differences that should arise.  The only clause in the written agreement which it is claimed provides for arbitration of such differences is the clause providing:  " Sales governed by raw silk rules adopted by the Silk Association of America."  This provision, as inserted in contracts, has been held not to be an agreement to arbitrate the differences between the parties which should thereafter arise.  (See *Matter of General Silk Importing Co., Inc.,* 198 App. Div. 16; 200 id. 786.)  In those cases it was held that the provisions of a statute which sought to oust the court of jurisdiction should be strictly construed; and it was further held that the provision of the contract that the sales should be regulated by the rules of the raw silk division should not be interpreted as including the rules of such association providing for the settlement of differences between the parties upon sales.

This would lead to an affirmance of the order denying the motion to arbitrate.

The order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.