RAYMOND V. EDWARDS, Respondent, v. RUSSELL MAGUIRE, Appellant.— In an action to recover damages for the conversion of shares of stock of a corporation, the defendant appeals from a judgment in favor of the plaintiff. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Carswell, Adel, MacCrate and Schmidt, JJ.

CLARENCE B. FRANKEL, Respondent, v. BENNY KESSLER et al., Appellants.— In this action to recover a balance due on a promissory note payable in installments, defendants moved to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action, pursuant to rule 106 of the Rules of Civil Practice, in that the complaint does not allege consideration, contending that a clause contained in the note to the effect that the entire balance of the note becomes due and payable upon default in payment of any installment of principal or interest, rendered the note nonnegotiable. Defendants appeal from the order of the County Court, Rockland County, denying the said motion. Order affirmed, with $10 costs and disbursements, upon the authority of *Enoch* v. *Brandon* (249 N. Y. 263) and *Chicago Railway Co.* v. *Merchants' Bank* (136 U. S. 268), with leave to defendants to serve an answer within ten days after the making of an order hereon. Adel, Acting P.J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.

In the Matter of the Arbitration between RIVERDALE FABRICS CORP., Appellant, and TILLINGHAST-STILES COMPANY, Respondent.— In a proceeding to stay a proposed arbitration, petitioner appeals from an order dismissing the petition and directing that the controversy proceed to arbitration. Order reversed on the law and the facts, with $10 costs and disbursements, and application for stay granted, without costs. The controversy between the parties stems from a written contract for the sale of cotton yarn, which contract contains no express provision subjecting the controversy to arbitration. The provision in the contract on which respondent relies is, in fine print, that the contract is subject to certain " Cotton Yarn Rules ". In our opinion, respondent has failed to sustain its burden of establishing that appellant, when it entered into the contract, was aware that the stated rules contained a provision which might be said to subject controversies under the contract to arbitration, or even to make a prima facie showing to such effect. Under the circumstances respondent is not entitled to have the controversy determined by arbitration. (Cf. *Matter of General Silk Importing Co.* [*Gerseta Corp.*], 198 App. Div. 16, 200 App. Div. 786, affd. 234 N. Y. 513, and *Matter of Level Export Corp.* [*Wolz, Aiken & Co.*], 280 App. Div. 211.) Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur. [See *post*, p. 983.]