**Giuseppe GIUFFRE, Libelant,**

v.

**The MAGDALENE VINNEN, F. A. Vinnen & Co. and North German Lloyd, Respondents,**

and

**North German Lloyd and Anchor Stevedoring Co., Inc., Impleaded-Respondents.**

**No. 20347.**

United States District Court
E. D. New York.

June 20, 1957.

**124**

Philip F. Di Costanzo, Brooklyn, N. Y., for libelant.

Alexander, Ash & Schwartz, New York City, for North German Lloyd.

Frederick H. Cunningham, New York City, for F. A. Vinnen & Co.

BYERS, District Judge.

This is a motion by North German Lloyd, one of the two impleaded respondents in the above cause, to dismiss the petition under the 56 Rule, as to it, for alleged lack of jurisdiction in view of a certain arbitration clause later to be referred to; or in the alternative, for a stay of proceedings under the said petition, pending arbitration. For reasons briefly to be explained, the alternative relief will be granted.

The libelant's cause is set forth in his libel filed January 10, 1955, in which it is alleged that on January 21, 1952 he was in the employ of Anchor Stevedoring Company as longshoreman, and was lawfully on board the S.S. Magdalene Vinnen, which was then alongside a pier on the Brooklyn waterfront.

That while he was performing his duties at the No. 1 hatch, he was caused to be struck in both lower legs by a draft of steel, and thereupon suffered injury, said to have rendered him permanently and totally disabled.

That this result was brought about by the unseaworthy condition of the vessel and negligence on the part of Vinnen and North German Lloyd, to maintain the hatches in a safe and seaworthy condition in numerous respects "and in failing to employ experienced and skilled employees;" also, in failing and neglecting to provide him with a reasonably safe place in which to work.

That the injuries so suffered were without fault on the part of the libelant.

It appears that Vinnen & Co. is the owner of the ship and the North German Lloyd the charterer, which explains why the vessel was sued and both said companies named as respondents. It should be said that both corporations are foreign, but are said to have offices in the City of New York.

By stipulation of November 18, 1955 signed by the proctor for libelant, the cause was discontinued as against North German Lloyd.

On November 14, 1956, separate impleading petitions were filed on behalf of Vinnen against North German Lloyd and Anchor Stevedoring Co., Inc., but as stated, this motion is made only by the former.

Vinnen's answer to the libel was filed simultaneously with the filing of these petitions, wherein ownership of the vessel on the day in question was admitted.

The answer also admits that Vinnen "through its officers and crew, managed, operated and controlled only those parts of the S.S. Magdalene Vinnen which were not managed, operated and controlled by the libelant, his co-workers, his superiors and Anchor Stevedoring Co., Inc., and other independent contractors."

The answer admits that Vinnen manned the vessel and equipped and provisioned her "with only such equipment and provisions as were not furnished by the charterer, the stevedore and other independent contractors."

Further, that there was a contract made with Anchor for the purpose of discharging and loading cargo from the vessel, which is said to have been entered into between Anchor and North German Lloyd. This means that the latter was the charterer of the vessel at the time in question.

The impleading petition refers to the charter and states that "under the terms and provisions of said agreement, North German Lloyd agreed to assume certain obligations and responsibilities." Among the latter, that it would furnish neces-

sary stevedoring services through the engagement of a stevedore for its own account and its own expense.

Further, as to North German Lloyd that "since the stevedores were to be engaged by it, it assumed the responsibility for stowage of the S.S. 'Magdalene Vinnen'," which agreement (charter) was in effect from February 6, 1951 to and including January 21, 1952.

The petition goes on to assert that it was part of the engagement of the charterer to select an experienced stevedore and to supervise the loading and discharge of the cargo, and to take reasonable steps to avoid the creation of dangerous conditions aboard the ship, and to properly stow the cargo, and to furnish necessary gear and equipment for those purposes.

Thus it will be seen that the basis of the impleading petition is the theory on the part of the vessel owner, that the charterer did not fully perform its contractual duties.

The charterer's proctor makes this motion based upon a provision contained in the charter touching arbitration, which reads:

"Arbitration Court. 27) Any disputes arising *from the present agreement* should be brought before a Court of Arbitration officiating at Bremen, to the exclusion of all regular Courts." (Italics supplied.)

The moving affidavit recites that the stevedoring work was in the charge of Anchor, the libelant's employer, as an independent contractor; that there was no defect in the equipment of the vessel and that no part of the vessel's equipment caused the accident; that no employee or agent of the charterer was in charge of the operation, "or that it had any party aboard the vessel and accordingly a dispute exists under said agreement between F. A. Vinnen & Co. and the North German Lloyd. * * * there is a dispute between the said two parties (namely the shipowner and the charterer), which is the subject of arbitration under the terms of said agreement and

is not one to be determined by this Court."

To meet this contention it is argued for the shipowner that there was no agreement to arbitrate any matter which might arise on account of the existence of the charter agreement or "because of any legal obligation which might arise as a result of the existence of such an agreement." Stated differently, the argument is, "The issue here, however, does not come within the terms of the charter agreement in any sense but relates to a legal responsibility which our law imposes on those occupying the relationship set forth in the agreement." I find it difficult to grasp the asserted distinction.

The relationship of the parties is that of shipowner and charterer, and the allegations which have been quoted from the impleading petition, are clearly to the effect that the charterer has violated or failed to perform certain of its engagements which exist only by reason of the charter party; in other words, the owner alleged default in performance, not to be distinguished in principle, for instance, from non-payment of the charter hire or other breach of the contract.

The following cases are relied upon in granting a portion of the relief North German Lloyd seeks under Title 9 U.S.C. § 3, having to do with arbitration:

In re Canadian Gulf Line, 2 Cir., 98 F.2d 711; Kulukundis Shipping Co., S/A v. Amtorg Trading Corp., 2 Cir., 126 F. 2d 978; Fox v. The Guiseppe Mazzini, D.C., 110 F.Supp. 212.

Since the possible liability to be visited upon the shipowner will depend upon the result of the trial of the libelant's cause, because he may not succeed, it seems clear that the rights, if any, on the part of the shipowner against the charterer cannot be presently assumed to exist; thus it is appropriate to stay proceedings under the impleading petition against the charterer until a final decree has been entered.

It is true that to this extent the effort to resolve all aspects of a given controversy in one litigation is somewhat

thwarted. That result cannot be avoided, unless the teachings of the cited cases are to be ignored. There is no suggestion, for instance, in the Kulukundis case that the principle of adjusting controversies through the medium of arbitration, should be held subordinate to the intent and purpose of the 56 Admiralty Rule, 28 U.S.C.; while that which is here directed may be thought to extend beyond any decision which has been cited, it is none the less believed to be required in view of the general attitude of the courts concerning contracts which provide for resort to arbitration.

Accordingly, the charterer's motion is granted, to the extent that an order may be entered staying proceedings under this impleading petition until thirty days after the libelant's cause shall have been finally determined; application for a further stay would be appropriate upon a showing that arbitration proceedings as contemplated by the quoted terms of the charter, have been promptly initiated.

The motion to dismiss the said petition is denied.