Irving H. Saypol, J.
This is an application for an order staying proceedings in the action pending arbitration. The contract contains a provision as follows: “ All disputes, controversies, or differences which may arise between the parties, out of or in relation to or in connection with this contract, or for the breach thereof, shall be finally settled by arbitration pursuant to the Worth St Rules by which each party herein is bound. ’ ’
It is stated in the Worth Street Rules that the provisions of the standard cotton textile sales note may be incorporated in any textile contract by the insertion in the memorandum of sale of an appropriately described clause in the rules specifically to subject the sales note to the provisions of the standard cotton textile sales note, and so provide explicitly for arbitration procedures. But this statement is not to be found in the sales note between these parties. Otherwise the Worth Street Rules merely state that the industry has chosen arbitration as the means of settling differences, and its major associations have joined in setting up the General Arbitration Council of the Textile Industry as the vehicle to effectuate the purpose.
In Matter of General Silk Importing Co. (198 App. Div. 16, 17) the sales note provided: t( 1 Sales are governed by raw silk rules adopted by the Silk Association of America.’” While the latter rules contained exclusive arbitration articles, it was held that the language employed failed to show with sufficient definiteness that the minds of the parties met on arbitration or that they intended to adopt the rules of the association.
In Matter of Level Export Corp. (Wolz, Aiken & Co.) (305 N. Y. 82) the sales note was made subject to the provisions of the standard cotton textile sales note incorporated therein, thereby integrating its terms.
*78 In Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.] (306 N. Y. 288, 290) the sales note provided: “ ‘ This contract is also subject to the Cotton Yarn Buies of 1938 as amended. ’ ” While the parties have attempted to deal with the subject of arbitration, their agreement has been imperfectly executed since the Worth Street Buies by mere reference thereto do not provide for arbitration and the incorporation of the Worth Street Buies cannot be said to bind the parties to any agreement to arbitrate in a particular manner. The insertion in any textile contract of the standard cotton textile sales note is permissive only and the mere reference to the Worth Street Buies is insufficient to indicate that the parties have voluntarily consented to the consequences which would follow upon express adoption of the provisions of the standard cotton textile sales mote.
The motion for a stay of proceedings is denied.