Edgar J. Nathan, J.
Defendant, Bon jay Housing Corp., is the lessee of lands from the United States of America, acting through the Department of the Army. Pursuant to a housing agreement contract between the United States, Bon jay and Bonwit Construction Co., Inc., Bon jay and Bonwit are required to erect buildings on the land, according to terms and conditions spelled out in the agreement, which is drawn in conformance with title IV of the housing amendments of 1955 to the National Housing Act (69 U. S. Stat. 635).
In connection with the work required to be done thereunder, Bonwit entered into a subcontract with plaintiff to perform piling work.
A dispute arose between plaintiff and Bonwit concerning subsurface conditions encountered by plaintiff in driving piles pursuant to the plans and specifications furnished. Plaintiff, claiming that extra work was required and additional expenses incurred that were not contemplated by the subcontract, instituted an action against the several defendants.
Defendants thereupon moved, pursuant to section 1451 of the Civil Practice Act, to stay all proceedings until arbitration of the controversy had been had. The Justice in Special Term, Part I, directed a trial of the issue as to whether or not a written agreement providing for arbitration existed between the parties. That is the only issue now before this court.
It is undisputed that the subcontract between plaintiff and Bonwit does not contain a written provision for arbitration, as required by section 1448 of the Civil Practice Act. It is defendant’s contention, however, that the arbitration provision contained in section 8 of the main housing agreement is incorporated by reference into the subcontract by virtue of section 6 (d) of that subcontract, thus meeting the requirements set forth in article 84 of the Civil Practice Act. Section 6 (d) provides: ‘1 With respect to the work covered by this subcontract, subcontractor agrees to be bound by all the terms and provisions of the plans and specifications as to which the 1 eligible builder ’ is bound and it is understood and agreed that any obligations of the ‘ eligible builder ’ will be undertaken by the subcontractor with respect to the work covered by this subcontract. Further, if any term or condition of this subcontract differs or is in contradiction with any term or condition of the contract between the Owner and the General Contractor, then the terms or conditions of the Contract between the Owner and the General *307 Contractor will prevail and the subcontractor agrees to be bound by the terms and conditions thereof and to perform his work hereunder accordingly. ’ ’
While it is clear that the requirements of section 1448 of the Civil Practice Act can be met by incorporating by reference a written agreement to arbitrate from another document (see Matter of Level Export Corp. [Wolz, Aiken & Co.], 305 N. Y. 82), it cannot fairly be said that this has been done here. Although the subcontract does contain the clause: “and the subcontractor agrees to be bound by the terms and conditions thereof [to wit, the Housing Agreement between the owner and the general contractor] and to perform his work hereunder accordingly ’ ’, there is no reference to arbitration, direct or otherwise. Nor was the main housing agreement incorporated into the subcontract, the subcontract containing no “ incorporation clause ”. Consequently, under the cases, section 6 (d) of the subcontract is insufficient to require arbitration. (Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.], 306 N. Y. 288.) As an additional factor, it may be pointed out that there was no proof that plaintiff ever received a copy of the main housing agreement between Bonjay and the United States Army containing the arbitration provision; indeed, the subcontractor denied ever being given it or seeing it. Furthermore, a reading of section 6 (d) of the subcontract is at least ambiguous as to whether the arbitration provision of the housing agreement is intended to apply to the subcontract. Since the subcontract was drafted by Bonjay, any ambiguities should be construed against the defendants. Under the circumstances, petitioner’s failure expressly to include an arbitration provision in the subcontract bars it from invoking the provisions of section 1451 of the Civil Practice Act (Matter of Riverdale Fabrics corp. [Tillinghast-Stiles Co.], 306 N. Y. 288, supra, Matter of General Silk Importing Co. [Gerseta Corp.], 198 App. Div. 16).
Accordingly, the court finds that no written agreement to arbitrate existed between the parties.