■ In the Matter of the Arbitration between CHEMOLEUM CORPORATION, Appellant, and CONTINENTAL GRAIN COMPANY, Respondent.— Order entered February 17, 1964, denying petitioner's motion to stay arbitration, unanimously reversed, on the law and on the facts, with $30 costs and disbursements to petitioner-appellant, and the motion granted, with $10 costs. Respondent seeks damages claimed to have resulted from the alleged breach by petitioner by reason of its failure to tender a suitable vessel to lift the goods involved in the sale of 200 tons of soy bean oil to petitioner, FOB buyer's (petitioner's) vessel, Louisiana. The confirmation of purchase and sale dated November 13, 1963 is signed by Pasternak Baum & Co., as brokers. Thereon interlined between the captions "Referee Clause" and "Remarks" is the following: "This contract is in accordance with the rules of the National Soybean Processors Association now in effect." The cryptic phrase "Referee Clause" is not meaningful on this record. There is no indication that it tended to convey to the petitioner knowledge of the arbitration clause relied on by respondent. Rule 115 of said Association's rules provides that all controversies arising out of contracts made under these rules shall be settled by arbitration. The brokers' confirmation was followed by petitioner's order of December 2, 1963 addressed to the respondent containing the following clause: "This order will be considered null and void unless order confirmation attached hereto is signed and returned by you within one week of the date appearing above." Petitioner's order does not provide for arbitration. Respondent did not so confirm petitioner's said order. The question presented is whether the brokers' confirmation of November 13, 1963 is sufficient to compel arbitration. The general rule is that a party is not to be compelled to aribtrate unless he has clearly consented to do so. (*Matter of Lehman* v. *Ostrorsky*, 264 N. Y. 130, 132.) We hold on this record it does not appear that the minds of the parties met on arbitration or that they intended to adopt or incorporate the provisions for arbitration contained in the rules of the National Soybean Processors Association. (*Matter of Riverdale Fabrics Corp.* [*Tillinghast-Stiles Co.*], 306 N. Y. 288; *Matter of Doughboy Inds.* [*Pantasote Co.*], 17 A D 2d 216; *Matter of General Silk Importing Co.* [*Gerseta Corp.*], 198 App. Div. 16.) Concur — Breitel, J. P., Valente, McNally, Eager and Steuer, JJ.