William BAKER, Plaintiff,

v.

SKIBS A/S ABACO, ARUBA, ASTREA & NURUEGO, Defendant-Third Party Plaintiff,

v.

P & V ATLAS MARITIME CORPORATION, Third Party Defendant-Third Party Plaintiff,

v.

WATERMAN STEAMSHIP CORPORATION, a foreign corporation, Third Party Defendant.

No. 67–C–75.

United States District Court
E. D. Wisconsin.

Dec. 29, 1967.

D. M. Quale, Milwaukee, Wis., Hornberg & Sands, Chicago, Ill., for plaintiff.

Spray, Price, Hough & Cushman, Chicago, Ill., Ben G. Slater, Milwaukee, Wis., for Skibs, defendant-third-party plaintiff.

Harney B. Stover, Jr., Milwaukee, Wis., for P & V Atlas, third-party defendant-third-party plaintiff.

Kaumheimer, Reinhart, Boerner, Van Deuren & Norris, Milwaukee, Wis., for Waterman Steamship, third-party defendant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

Plaintiff is a longshoreman who claims to have been injured while aboard a ship owned by "Skibs a/s Abaco, Aruba, Astrea & Noruega". The latter impleaded the plaintiff's employer, a company named P & V Atlas Maritime Corporation. The latter, in turn, impleaded

the "time-charterer" of the ship, the Waterman Steamship Corporation. Waterman then filed a cross claim seeking indemnification from Skibs based on the time-charter agreement with Skibs. The court is here concerned with this cross claim by Waterman against Skibs.

Skibs has moved the court to stay all action on the cross claim of the third party defendant until the completion of all other issues involved in the litigation. Skibs also requests that the matters in the cross claim he referred to arbitration after all other issues are litigated.

Paragraph 17 of the time-charter agreement provides that any dispute arising between the parties shall be referred to arbitration and the decision of the arbitration panel shall be final. Arbitration agreements of this type are covered by the Federal Arbitration Act, 9 U.S.C.A. Section 3 thereof provides as follows:

"If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

The issue before the court is at what point in time shall Waterman's claim to indemnification from Skibs be determined.

Skibs contends that arbitration should not take place until all other issues in the lawsuit are determined. Skibs says that it is premature to send the matter to arbitration before the completion of the litigation for it will not be known until then whether Waterman will have to seek indemnification from Skibs.

Skibs relies on Giuffre v. The Magdalena Vinnen, 152 F.Supp. 123, at page 125 (E.D.N.Y.1957), where the court stated:

"Since the possible liability to be visited upon the shipowner will depend upon the result of the trial of the libelant's cause, because he may not succeed, it seems clear that the rights, if any, on the part of the ship owner against the charterer cannot be presently assumed to exist; thus it is appropriate to stay proceedings under the impleading petition against the charterer until a final decree has been entered."

Waterman argues that a stay may be prejudicial because if the arbitrator can initially determine that the alleged acts of negligence which resulted in plaintiff's injuries are attributable to the shipowner and not Waterman, then Waterman can be removed from the lawsuit.

■■ The court has inherent power to stay proceedings before it. Landis v. North American Co., 299 U.S. 248, 254–255, 57 S.Ct. 163, 81 L.Ed. 153 (1936). In my opinion, the better exercise of judgment is to stay the proceedings on the cross claim. Whether Skibs is liable to Waterman will depend on (1) whether Skibs is liable to the plaintiff, (2) whether P & V Atlas is liable to Skibs, and (3) whether Waterman is liable to P & V Atlas. Only then might Waterman be entitled to indemnification from Skibs. The last issue should not be presented until the other issues are resolved.

It is therefore ordered that the action on the cross claim of Waterman Steamship Corporation against Skibs a/s Abaco, Aruba, Astrea & Noruego be stayed until after the trial of the other issues in this action and until further order of the court.