**SAVANNAH SUGAR REFINING CORPORATION, Plaintiff,**

v.

**SS HUDSON DEEP, her engines, etc. and Hudson Steamship Co. Ltd., Defendant.**

No. 66 A.D. 479.

United States District Court
S. D. New York.
Jan. 5, 1968.

Kelly, Donovan, Robinson & Maloof, New York City, for plaintiff.

Hill, Betts, Yamaoka, Freehill & Longcope, New York City, for defendant.

RYAN, District Judge.

Defendant (Respondent), ship owner, moves in this cargo damage action for an order under Title 9 U.S.C. Section 3, staying all proceedings herein and directing arbitration.

Plaintiff (Libellant) filed this action on May 12, 1966 to recover alleged cargo damages to a bulk shipment of sugar carried from Dunkirk to Savannah aboard the SS HUDSON DEEP in April–May, 1965. Plaintiff claims it was the shipper, consignee or owner of the shipment.

Defendant HUDSON STEAMSHIP CO., LTD., admits it was the owner of the SS HUDSON DEEP and that the cargo was shipped aboard in apparent good order and condition "to be transported in accordance with the terms and conditions of a bulk sugar charter agreement with Sucres et Denrees, S.A. Paris, dated April 1, 1965." As an affirmative defense, defendant ship owner pleads that plaintiff's claim here asserted is subject to the arbitration provision of the charter party agreement which provides:

"Arbitration. Any dispute that may arise under this Charter to be settled by arbitration, each party appointing an Arbitrator, and should they be unable to agree, the decision of an Umpire selected by them to be final. The Arbitrators and Umpire are all to be commercial men and resident in London, and the arbitration to take place there. This submission may be made a rule of the High Court of Justice in England by either party."

Defendant prays in this defense "that all further proceedings in this litigation be stayed until arbitration has been held."

It is undisputed that the charter party was entered into as of April 1, 1965 at London, England, between defendant ship owner and Sucres et Denrees, S.A. Paris, and that the plaintiff was not a signatory to it. The charter party covered the voyage in suit and was on the customary "Bulk Sugar Charter—U.S.A. (April 1962)" printed form. The printed bill of lading issued for the cargo has the following additional typewritten addendum: "Subject to all the terms, provisions and conditions of Bulk Sugar Charter Party USA (April, 1962) dated at London on 1st April, 1965."

Plaintiff contends that British law applies to the construction of both the Bill of Lading and the Charter Party (citing Fox, et al. v. The Guiseppe Mazzini, et al., D.C., 110 F.Supp. 212). Defendant in its brief states that "as a matter of substantive law we would not argue too strongly against that stand." We hold that British law is to be applied.

The question presented is whether under British law the arbitration clause of the charter party (above quoted), which is incorporated by reference in the Bill of Lading, requires arbitration between the parties to this action in which a claim of cargo damage is asserted. We hold that it does not and that the motion for a stay must be denied.

We note that the "arbitration" clause of the charter party provides only that "any dispute that may arise under this charter to be settled by arbitration." The plaintiff's claim in this action does not arise under the charter but solely under the contract of carriage or Bill of Lading. The only provisions of the charter which seem to have any direct bearing on the Bill of Lading appear to be in the three paragraphs immediately preceding the "arbitration" clause, and none of these clauses provide for arbitration of any dispute with cargo owners arising out of shipment.

While foreign law is a question of fact, it is to be determined by the Court, with or without expert opinion as the particular situation presented might require. We find no necessity to seek further advice of experts on the British law applicable. The law expounded by the House of Lords in Thomas v. Portsea Steamship Co., 105 Times Law Report 257, is decisive of the question before this Court. There it was written:

> "The arbitration clause is not one that concerns shipment, or carriage, or delivery, or the terms upon which delivery is to be made or taken; it only governs the way of settling disputes between the parties to the charter-party, and disputes arising out of the conditions of the charter-party, not disputes arising out of the bill of lading."

We conclude that defendant owner's motion for a stay should be denied and it is so ordered.

On Motion for Reargument

Defendant moves for reargument of its motion for a stay of this action pending arbitration. We have examined the entire file, our previous ruling and briefs now submitted. We see no reason to change our previous decision. (Cf. Ministry of Commerce, etc. v. Marine Tankers Corp., D.C., 194 F.Supp. 161). Motion denied; so ordered.